932 So.2d 423 (2006)
CLEARVIEW IMAGING, L.L.C., as Assignee of Yvonne L. Finch, individually and on behalf of all those similarly situated, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 2D05-491.
District Court of Appeal of Florida, Second District.
April 21, 2006.
*424 David M. Caldevilla of de la Parte & Gilbert, P.A., Tampa; J. Daniel Clark of Clark & Martino, P.A., Tampa; and Scott R. Jeeves of The Jeeves Law Group, P.A., St. Petersburg, for Appellant.
John R. Blue, Chris S. Coutroulis, E. Kelly Bittick, Jr., and Joanna Garcia of Carlton Fields, P.A., Tampa, for Appellee.
ALTENBERND, Judge.
Clearview Imaging, L.L.C. ("Clearview"), appeals an order dismissing with prejudice its second amended complaint against State Farm Mutual Automobile Insurance Company ("State Farm"). We reverse and remand for further proceedings consistent with the Third District's decision in Millennium Diagnostic Imaging Center, Inc. v. Security National Insurance Co., 882 So.2d 1027 (Fla. 3d DCA 2004).
On November 22, 2002, a driver insured by State Farm sustained bodily injuries in an automobile accident. As a result of the accident, the driver received magnetic resonance imaging services (an MRI) from Clearview in January 2003. Clearview submitted a claim to State Farm for the MRI services in the amount of $1166.98. State Farm processed the claim and paid Clearview $1128.82. Thus, the dispute between these specific parties involves $38.16.
When submitting its claim, Clearview maintained it was entitled to $1166.98 as full payment for personal injury protection benefits under section 627.736(5)(b)(5), Florida Statutes (2002), which requires personal injury protection insurers to pay an additional amount, adjusted annually, based on the "medical Consumer Price Index for Florida." State Farm, however, decided that it did not have to pay an additional sum because there was no "Consumer Price Index for Florida" and thus that portion of the statute was void for uncertainty.
Accordingly, the larger dispute in this case involves the constitutionality and proper interpretation of section 627.736(5)(b)(5). This statute was enacted, effective June 19, 2001, and imposes a statutory method for calculating fees for MRI services paid by personal injury protection insurance coverage. See ch.2001-271, Laws of Fla. In pertinent part, section 627.736(5)(b)(5) states:
Effective upon this act becoming a law and before November 1, 2001, allowable amounts that may be charged to a personal injury protection insurance insurer and insured for magnetic resonance imaging services shall not exceed 200 percent of the allowable amount under Medicare Part B for year 2001, for the area in which the treatment was rendered. Beginning November 1, 2001, allowable amounts that may be charged to a personal injury protection insurance *425 insurer and insured for magnetic resonance imaging services shall not exceed 175 percent of the allowable amount under Medicare Part B for year 2001, for the area in which the treatment was rendered, adjusted annually by an additional amount equal to the medical Consumer Price Index for Florida, except that allowable amounts that may be charged to a personal injury protection insurance insurer and insured for magnetic resonance imaging services provided in facilities accredited by the American College of Radiology or the Joint Commission on Accreditation of Healthcare Organizations shall not exceed 200 percent of the allowable amount under Medicare Part B for year 2001, for the area in which the treatment was rendered, adjusted annually by an additional amount equal to the medical Consumer Price Index for Florida.

(Emphasis added.) There apparently was little controversy about this statute until November 1, 2001.
In April 2003, Clearview filed a one-count class action complaint seeking damages for unpaid benefits. Shortly after Clearview filed its complaint, the legislature amended section 627.736(5)(b)(5) so that the annual adjustment occurred on August 1 and was based on "the annual Medical Care Item of the Consumer Price Index for All Urban Consumers in the South Region as determined by the Bureau of Labor Statistics of the United States Department of Labor." See ch.2003-411, Laws of Fla.[1]
State Farm filed a motion to dismiss Clearview's complaint, maintaining that no "medical Consumer Price Index for Florida" existed in January 2003. Thus, although State Farm was quite willing to receive the benefit of the 175 and 200 percent caps on fees for MRI services provided in this statute, it concluded that it had no statutory obligation to increase the amount that it paid for these services because the legislature had written a void or ambiguous clause within two sentences of the statute.
Clearview admitted that no "Consumer Price Index for Florida" was expressly created by the United States Department of Labor, Bureau of Labor Statistics, and that "medical" was not an accurate description of any item in the indices created by the Bureau. It suggested, however, that the "medical care" item of the "Consumer Price Index for All Urban Consumers in the South Region" was a logical index to fulfill the intent of the legislature and that no other index or category would adequately fulfill that intent. It supported this argument by suggesting that the legislature's amendment of section 627.736(5)(b)(5), where the provision "medical Consumer Price Index for Florida" was replaced by "Medical Care Item of the Consumer Price Index for All Urban Consumers in the South Region" was a "clarification" of the 2001 language. In the alternative, it maintained that the entire statutory method for controlling fees for MRI services in section 627.736(5)(b)(5) should be invalidated if the statute did not properly allow for inflationary increases.
On May 6, 2004, the trial court dismissed Clearview's complaint for failure to state a cause of action. Thereafter, on May 19, 2004, Clearview amended its complaint and alleged two counts. In count I, *426 it sought payment for the MRI services including the inflationary cost adjustment, claiming that the amended statute was merely a clarification of the legislature's initial intent. In count II, it sought a declaratory judgment and requested that if it did not prevail on the theory described in count I it should be entitled to seek a reasonable fee for its services without reference to any portion of section 627.736(5)(b)(5).
State Farm again filed a motion to dismiss. After hearings on these issues and full briefing of the legal arguments, the trial court entered an order dismissing the complaint with prejudice. Clearview appeals that final order.
The Third District reviewed a similar order in Millennium Diagnostic Imaging, 882 So.2d 1027. It concluded that the statutory amendment of section 627.736(5)(b)(5) fit within that category of amendments that may serve as legislative interpretation of the original law rather than a substantive change thereof. Thus, it held the amendment clarified the original legislative intent which was that the Consumer Price Index to be applied was the "Medical Care Item of the Consumer Price Index for All Urban Consumers in the South Region."[2] We adopt the analysis of the Third District's opinion in Millennium Diagnostic Imaging as our own and reverse and remand for further proceedings.[3]
Reversed and remanded.
VILLANTI and LaROSE, JJ., Concur.
NOTES
[1] A similar "medical Consumer Price Index for Florida" provision in section 627.736(5)(b)(3), Florida Statutes (2002), applies to nerve conduction testing. Like section 627.736(5)(b)(5), this section was amended by the legislature in 2003 to be based on the "Consumer Price Index for All Urban Consumers in the South Region." See ch.2003-411, Laws of Fla.
[2] We note that during the pendency of this appeal, the trial judge had an opportunity to sit on a circuit court appellate panel reviewing a county court order on essentially the same issue. That panel reached the same result that we reach today. See Premier Open MRI, L.L.C. v. Progressive Express Ins. Co., No. 04-5919, 2005 WL 1077722 (Fla.Cir.Ct. Apr. 18, 2005)
[3] If we had not reached this outcome, we note that the trial court's decision to enforce the cap on fees for MRI services while declaring the inflationary cost adjustment to be unconstitutionally vague would have been troublesome. Under the analysis in Florida Department of State, Division of Elections v. Martin, 916 So.2d 763 (Fla.2005), given the legislature's obvious intent to control the cost of MRI services with a method fair to both the providers and the insurance companies, we are inclined to believe that the statutory method could not have been enforced after November 1, 2001, and that MRI services would have been subject to the same rules of reasonableness that existed prior to the statutory amendment in 2001.